38Ω



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                    Opinion No. O-1691
                             Re: Should the Comptroller request
                             the Highway Department to submit to
                             him a voucher requesting the issuance
                             of a postage warrant in favor of the
                             United States Postmaster, or may the
                             Comptroller write a warrant as a re-
                             fund to the division officials who
                             have purchased postage stamps with
                             personal funds?

          We have for acknowledgment your letter of November 14, 1939, wherein you ask the opinion of this department on the following question:

          "Senate Bill No. 427, Departmental Appropriation Bill, passed by the Regular Session of the Forty-sixth Legislature, and providing as follows:

              "'Postage stamps. None of the money appropriated herein for postage stamps shall be spent except on vouchers made payable to a United States post office and a warrant or check shall be endorsed by the postmaster from whom the purchase is made.'

          "I do not find a specific appropriation for postage stamps made for the division officers of the State Highway Department. Should I request the Highway Department to submit to this department a voucher requesting the issuance of a postage warrant in favor of the United States Postmaster, or may I write a warrant as a refund to the division officials who have purchased postage stamps with personal funds?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, page 2


In construing the above section of Senate Bill No. 427, it must be borne in mind that the prime function of this department, as well as that of the court, is to determine the legislative intent, and that construction of a statute should be adopted which is reasonable and which will effectuate the purpose of the Legislature in adopting it.  Imperial Irrigation Co. v. Jayne, 104 Tex. 395, 138 S. W. 575, Oliver v. State, 144 S. W. 604.  A statute should not be given a construction that will render it vain and purposeless, if it can be otherwise construed. Stolt v. Karien (Civ. App.), 191 S. W. 600.

As you state in your letter, there is no specific appropriation for postage stamps made for the division officers(field and district officers.)  Part of the itemized funds appropriated for these offices were vetoed by the Governor, and the funds now being used for the operation and maintenance of these said offices are derived from the balance fund appropriated by the rider found at the conclusion of the highway section of Senate Bill No. 427. (For further details, see conference opinion No. 3080, Attorney General's Department.)

The postage stamp clause in section 2 of Senate Bill No. 427, quoted in the first part of this letter, applies to all purchases of postage stamps made from funds appropriated by said bill.  This clause clearly indicates that both in the case of specific postage appropriation and where contingent funds are used, the stamps must be purchased by vouchers made payable to the United States post office, for even in the latter case where contingent funds are used, we must hold that such purchase was contemplated and intended by the Legislature or such appropriation could not be used to purchase stamps.

In our opinion, the legislative intent was clearly to require all postage stamps to be purchased by vouchers made payable to the United States post office. Therefore, you are advised that you should require the State Highway Department to submit vouchers requesting the issuance of postage warrants in favor of the United States Postmaster.

Honorable George H. Sheppard, page 3

       The foregoing represents the considered opinion of this department.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Frederik B. Isely*

Frederik B. Isely
    Assistant

FBI:LW

APPROVED DEC 1, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

